IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Bankers Standard Insurance Company, as subrogee of Charles Niles,** 436 Walnut Street Philadelphia, PA 19106 : : : : : : Plaintiff, : : v. : : **Vacation Properties Realty, Inc., d/b/a ERA Team VP Real Estate** 4478 West Lake Road Chautauqua, NY 14722 : : : : : : Defendant. : | Civil Action No. |

## COMPLAINT

Plaintiff, Bankers Standard Insurance Company, as subrogee of Charles Niles, through its undersigned counsel and for its Complaint against Defendant, Vacation Properties Realty, Inc., doing business as ERA Team VP Real Estate, avers as follows:

## PARTIES

1. Plaintiff, Bankers Standard Insurance Company, as subrogee of Charles Niles, is a Pennsylvania corporation with its principal place of business at 436 Walnut Street, Philadelphia, PA 19106.

2. At all times material hereto, Plaintiff was authorized to issue insurance policies in the State of New York.

3.  Defendant, Vacation Properties Realty, Inc., doing business as ERA Team VP Real Estate, is a New York corporation with its principal place of business at 4478 West Lake Road, Chautauqua, NY 14722.

## JURISDICTION AND VENUE

4.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the amount in controversy exceeds $75,000, exclusive of the interest and costs of this action.

5.  Venue is appropriate in this District pursuant to 28 U.S.C. § 1391, as the events giving rise to Plaintiff's claim occurred in this District.

## FACTUAL ALLEGATIONS

6.  At all times material hereto, Plaintiff's insured, Charles Niles, owned the real property located at 1 Plum Creek Road, Ellicottville, NY 14731 ("Subject Property").

7.  At all times material hereto, Plaintiff insured the Subject Property and the personal property therein pursuant to policy number 268047906 ("Policy").

8.  During the winter of 2015, Mr. Niles decided to use the Subject Property as an income-producing rental property.

9.  Prior to February 22, 2015, Mr. Niles hired Defendant to provide property inspection and/or property management services at the Subject Property.

10. At all times material hereto, Defendant was responsible for inspecting and/or managing the Subject Property while it was unoccupied.

11. Prior to February 22, 2015, Defendant knew, or should have known, to shut the water service to the Subject Property off when the Subject Property was unoccupied.

12. On February 22, 2015, a pipe in the insured property failed and leaked water ("Water Damage").

13. The water that leaked from the pipe caused significant damage to the Subject Property and the personal property therein.

14. The water that leaked from the pipe also prevented Plaintiff's insured from using the home as an income-producing rental for a period of time.

15. Following the water loss, Plaintiff's insured submitted a claim to Plaintiff for the resulting damage.

16. Pursuant to the terms of the Policy, Plaintiff paid its insured $103,754.12.

17. In accordance with the terms of the Policy, as well as the common law principles of legal and equitable subrogation, Plaintiff, by virtue of and to the extent of its payments, is subrogated to its insured's rights.

## COUNT I - NEGLIGENCE

18. Plaintiff incorporates the paragraphs preceding Count I as if fully set forth herein.

19. Defendant had a duty to use due care while providing property inspection and/or property management services at the Subject Property.

20. Defendant breached its duty to use due care while providing property inspection and/or property management services at the Subject Property.

21. The Water Damage to the Subject Property was the direct and proximate result of the negligence, carelessness, recklessness, and/or negligent acts and omissions of Defendant and/or Defendant's agents and/or employees, acting within the scope of their employment, as follows:

A. Failing to shut the water service to the Subject Property off while the Subject Property was unoccupied;

B. Ignoring specific instructions from Plaintiff's insured relating to the management of the Subject Property;

C. Exposing the Subject Property to an unreasonable risk of water damage; and

D. Failing to properly manage and/or inspect the Subject Property.

22. As the direct and proximate result of these negligent, careless, and/or reckless acts and/or omissions, Plaintiff's insured suffered damage.

WHEREFORE, Plaintiff demands judgment against Defendant, in the amount of $103,754.12, together with interest, the costs of this action, and such other relief as deemed just and proper under the law.

## COUNT II – BREACH OF CONTRACT

23. Plaintiff incorporates the paragraphs preceding Count II as if fully set forth herein.

24. On information and belief, Plaintiff's insured contracted with Defendant for the provision of property inspection and/or property management services at the Subject Property.

25. Defendant's contract with Plaintiff's insured obligated Defendant to use due care to protect the Subject Property from water damage.

26. Defendant breached its obligation to use due care to protect the Subject Property from water damage.

27. Defendant's breach of contract caused the February 22, 2015 water loss and resulting damage to the Subject Property.

WHEREFORE, Plaintiff demands judgment against Defendant, in the amount of $103,754.12, together with interest, the costs of this action, and such other relief as deemed just and proper under the law.

Date:   February 18, 2016

                                      Respectfully Submitted,

                                      s/ Charles C. Ritter, Jr.
                                      Charles C. Ritter, Jr., Esq.
                                      Duke Holzman Photiadis Gresens LLP
                                      701 Seneca Street, Suite 750
                                      Buffalo, NY 14210
                                      (716) 855-1111 (phone)
                                      (716) 855-0327 (fax)
                                      critter@dhpglaw.com

Of Counsel
Christopher H. Boyle, Esq.
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
(215) 665-6968 -Phone
(215) 701-2368 – Fax
dluccaro@cozen.com
Attorneys for Plaintiff